**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02423-RM-KLM

GREGORY HOEFER,

Plaintiff,
v.

THE REGENTS OF THE UNIVERSITY OF COLORADO,
a body corporate, for and on behalf of
THE UNIVERSITY OF COLORADO DENVER,

Defendants.

## DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

Defendant University of Colorado Denver (the University) moves to dismiss Plaintiff Gregory Hoefer's First Amended Complaint (ECF # 22) under F.R.C.P. 12(b)(1). Plaintiff believes that, because he requested reasonable accommodations for his disability and complained that his requests were being rejected, he experienced retaliation and a hostile work environment. (Am. Compl. ¶¶ 65-66, 73-74.) Plaintiff's claims are barred by the Eleventh Amendment.

### CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with Plaintiff's counsel extensively regarding the deficiencies in Plaintiff's complaint that give rise to this motion. Plaintiff's amended complaint did not correct the deficiencies.

### INTRODUCTION

Plaintiff is a former University employee who alleges that he has a disability and that he requested reasonable accommodations. (Am. Compl. ¶¶ 14, 16, 20.) Plaintiff further alleges that the University accommodated his disability by adjusting his work schedule; approving repositioning of his desk and his use of a "solution room;" providing him with a standing desk; allowing him to use headphones at work; and limiting meetings and planned interruptions to his work day. (*Id.* at ¶¶ 26, 31-32.) Nonetheless, Plaintiff alleges that the University unreasonably rejected his requests "that he not be required to arrive at work by a specific time" or to work remotely (*Id.* at ¶¶ 24, 29), which he believes evidences disability discrimination because other employees who did not have a disability were permitted such schedules (*Id.* at ¶ 30). Plaintiff claims that when he complained about this alleged discriminatory treatment, the University retaliated by subjecting him to increased scrutiny and discipline. (*Id.* at ¶¶ 34-40, 45-46.) Plaintiff also alleges that he was subjected to a hostile work environment because his work was "scrutinized," he was required to attend weekly meetings with his supervisor, and he was issued a letter of direction – acts that he believes constitute "severe or pervasive" harassment and unwelcome conduct based on his disability. (*Id.* at ¶¶ 45-54.)

## ARGUMENT

Absent valid Congressional abrogation, Eleventh Amendment immunity bars a damages action against a state in federal court. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The University of Colorado is an arm of the state for Eleventh Amendment purposes. *Harrison v. Univ. Of Colorado Health Sciences. Ctr.*, 337 F. App'x 750, 753 (10th Cir. 2009). "A defendant's assertion of Eleventh Amendment immunity calls into question the subject matter jurisdiction of the district court." *Thompson v. Colorado*, 278 F.3d 1020, 1023–24

(10th Cir. 2001), *abrogated on other grounds by Tennessee v. Lane*, 541 U.S. 509, 515 (2004). "Questions regarding jurisdiction must generally be answered before turning to the merits of a case." *Id.*

Plaintiff's hostile work environment claim is brought under Title I of the ADA, which prohibits discrimination in employment based on disability. 42 U.S.C. § 12112; *see Lanman v. Johnson Cty., Kansas*, 393 F.3d 1151, 1155 (10th Cir. 2004) (A hostile work environment claim based on disability is encompassed in Title I of the ADA). Because Title I of the ADA is not a valid abrogation of the states' Eleventh Amendment immunity, *see Garrett*, 531 U.S. at 363, the University is immune from these claims. *See Whitney v. Bd. of Educ. of Grand Cty.*, 292 F.3d 1280, 1284 n.1 (10th Cir. 2002) ("the Eleventh Amendment bars ADA claims against states"). Accordingly, the court lacks jurisdiction over Plaintiff's hostile work environment claim because the University is immune, and it should be dismissed.

While Plaintiff's retaliation claim, which arises under Title V of the ADA, was not directly addressed in *Garrett*, courts have looked at the underlying allegations when evaluating whether a retaliation claim under the ADA is barred by the Eleventh Amendment. Where, as here, the retaliation claim is based on seeking accommodations or opposing discrimination in the workplace, courts, including the U.S. District Court for the District of Colorado, have held that the claim is barred under the Eleventh Amendment. *See Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001) (concluding that *Garrett's* holding "necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I."); *Cisneros v. Colorado*, No. CIV.A.03CV02122WDMCB, 2005 WL 1719755, at *6 (D. Colo. July 22, 2005) (dismissing the retaliation claim under the ADA because it was

3

"predicated on claims of unlawful employment discrimination," and was thus barred under the Supreme Court's analysis in *Garrett*).

Here, Plaintiff's retaliation claim is based on complaints of discrimination in the workplace, which is the subject of Title I of the ADA. As in *Cisneros*, the claim should be dismissed as barred under the University's Eleventh Amendment immunity.

WHEREFORE, the University respectfully requests that the Court dismiss all of Plaintiff's claims.

**DATED:** December 10, 2019.

                                                 Respectfully submitted:

                                                 *s/ Hermine Kallman*
                                                 Hermine Kallman
                                                 Sr. Assistant University Counsel
                                                 University of Colorado
                                                 Office of University Counsel
                                                 1800 Grant Street, Suite 700
                                                 Denver, CO 80203
                                                 303-860-5713
                                                 Hermine.Kallman@cu.edu
                                                 *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

David J. Meretta
1900 W. Littleton Blvd.
Littleton, CO 80120
(303) 722-6500
djm@millerandlaw.com

*Attorneys for Plaintiff*

*s/ Laura Isacco*
Laura Isacco, Legal Assistant