# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02954-MEH

JULIE DERMANSKY,

    Plaintiff,

v.

UNIVERSITY OF COLORADO,

    Defendant.

---

## MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1)

---

Defendant University of Colorado moves to dismiss the complaint (ECF No. 1) based on sovereign immunity under F.R.C.P. 12(b)(1).

### CONFERRAL

Counsel for the University has conferred with counsel for Plaintiff, who opposes the relief sought by this motion.

### INTRODUCTION

Shortly before Thanksgiving last year, Assistant Professor Tiara Na'puti wrote an internet post "in hopes of … making Thanksgiving relevant to contemporary environmental events." (Compl. Ex. B, ECF No. 1-2, at 4.) She wanted "to help parents, educators and advocates talk to children about the Dakota Access Pipeline

controversy and other issues that impact the ways of life of indigenous and local people." (*Id.* at 3-4.)

The internet post included a photograph of "ongoing construction work," which was attributed to Plaintiff "Julie Dermansky for DeSmog." (Compl. ¶ 10, Compl. Ex. B at 4.) Plaintiff now sues the University for copyright infringement. Because the University is immune from copyright infringement claims, the complaint must be dismissed.

## ARGUMENT

### I. Sovereign immunity bars Plaintiff's claim.

#### a. Sovereign immunity generally bars suits against the University.

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001). As an arm of the state, "[t]he University of Colorado is entitled to claim Eleventh Amendment immunity." *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989).

#### b. Congress can abrogate sovereign immunity only if it "unequivocally" does so, and is acting "pursuant to a valid exercise of power."

Congress can abrogate sovereign immunity by enacting legislation authorizing certain lawsuits against states. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). But "[b]ecause abrogation of sovereign immunity upsets the fundamental constitutional balance between the Federal Government and the States[,] … the [U.S. Supreme Court] has adopted a very strict standard for determining whether Congress has abrogated the States' sovereign immunity." *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990). Specifically, courts evaluate whether Congress: (1)

"unequivocally expresse[d] its intent to abrogate the immunity" through a "clear legislative statement"; and (2) act[ed] "pursuant to a valid exercise of [constitutional] power." *Seminole Tribe*, 517 U.S at 55.

### c. Congress has not abrogated the University's immunity for copyright claims because, when it tried to do so through the Copyright Remedy Clarification Act, it was not a valid exercise of power.

The Intellectual Property Clause of the Constitution (also known as the Patent and Copyright Clause) grants Congress the power to enact law "[t]o promote the Progress of Science and useful Arts." (U.S. Const. art. I, § 8, cl. 8.) And so, Congress enacted the Copyright Act, which is the basis for Plaintiff's lawsuit (Compl. ¶ 14), and the Patent Act. The Acts prohibit infringement of intellectual property, but sovereign immunity bars infringement lawsuits against states. In an explicit attempt to authorize lawsuits against states, Congress enacted the Copyright Remedy Clarification Act, 17 U.S.C. § 511(a), and the Patent Remedy Clarification Act, 35 U.S.C. § 271. Yet this attempt to abrogate is not valid because the Constitution did not authorize Congress to do so.

### 1. The IP Clause did not authorize Congress to abrogate immunity for copyright infringement claims.

When it enacted the Copyright Remedy Clarification Act, Congress relied on the IP Clause of Article I of the Constitution. *See, e.g.*, H.R. Rep. No. 101–282, pt. 1, at 7 (1989) (noting that the bill would "effect[] a constitutional abrogation of State sovereign immunity" based on "the Copyright Clause"); S. Rep. No. 101–305, at 8 (1990) (identifying Congress's "plenary power" under "the Copyright Clause" as the basis for abrogation). *See also Allen v. Cooper*, 895 F.3d 337, 349 (4th Cir. 2018), *cert.*

*granted*, 139 S. Ct. 2664, 204 L. Ed. 2d 1068 (2019) (recognizing that the "invocation of Article I authority was expressly and repeatedly stated in the [CRCA]'s legislative history"); *Nat'l Ass'n of Boards of Pharmacy v. Bd. of Regents*, 633 F.3d 1297, 1313 (11th Cir. 2011) ("The legislative history of the [CRCA] makes clear that Congress intended to abrogate state sovereign immunity under its Article I powers").

The Supreme Court has determined that the IP Clause does not authorize Congress to abrogate immunity. *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 636 (1999) (holding that the IP Clause did not authorize Congress to abrogate immunity in the CRCA's sister statute, the Patent Remedy Clarification Act). *See also Allen*, 895 F.3d at 348; *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents*, 633 F.3d 1297, 1313 (11th Cir. 2011) ("It would be incongruous to hold that Congress may abrogate the States' sovereign immunity under the Copyright and Patent Clause for actions brought under the CRCA when the Supreme Court has held that the clause does not provide this authority for the Patent Remedy Act.") As such, the Court must dismiss Plaintiff's complaint.

> **2. The Fourteenth Amendment would not have authorized Congress to abrogate immunity for copyright infringement claims.**

Although "it is readily apparent that in enacting the Copyright Remedy Clarification Act, Congress relied on the Copyright Clause in Article I of the Constitution, rather than § 5 of the Fourteenth Amendment," *Allen*, 895 F.3d at 349, some courts have went on to consider whether the Fourteenth Amendment could have possibly authorized Congress to enact the CRCA.

4

The Fourteenth Amendment would not have authorized Congress to enact the CRCA either.  To abrogate immunity based on the Fourteenth Amendment, Congress would have had to first "identif[y a] widespread pattern of conduct" to be remedied so that Congress could have tailored the remedy accordingly.  *Allen*, 895 F.3d at 349.  The point of this process is to "strike a considered balance between upholding the dignity of States as sovereign entities, on the one hand, and safeguarding individual rights protected by the Fourteenth Amendment, on the other."  *Id*.

Neither the Supreme Court nor the Tenth Circuit has weighed in on whether the Fourteenth Amendment authorized the CRCA, but all appellate courts to consider the issue have concluded that there was not a widespread pattern of state infringement that would have justified the CRCA.  *See, e.g., Allen*, 895 F.3d at 354.  *See also Issaenko v. Univ. of Minn.*, 57 F.Supp.3d 985, 1007-08 (D. Minn. 2014) (collecting a dozen district court cases reaching same conclusion).  One court observed that "[r]ather than expose a current epidemic of unconstitutional deprivations, the testimony before Congress worried principally about the potential for future abuse."  *Chavez v. Arte Publico Press*, 204 F.3d 601, 605-06 (5th Cir. 2000) (emphasis in original).  What's more, "Congress barely considered the availability of state remedies for infringement."  *Id.* at 606.  Particularly in light of the fact that the CRCA "sweeps so broadly, … [it] cannot be deemed a congruent and proportional response to the injury with which it was confronted."  *Allen*, 895 F.3d at 351.  As such, the Fourteenth Amendment would not have authorized Congress to abrogate immunity through the CRCA.

WHEREFORE, because the University is immune from copyright infringement

claims, the Court must dismiss the Complaint under F.R.C.P. 12(b)(1).

**DATED:** December 20, 2019.

>Respectfully submitted:
>
>*s/ Erica Weston*
>Erica Weston
>Senior Associate University Counsel
>University of Colorado
>Office of University Counsel
>1800 Grant Street, Suite 700
>Denver, CO  80203
>303-860-5691
>Erica.Weston@cu.edu
>*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF), which will automatically cause notification to be sent to the following counsel of record:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580-6111
Phone:  516-233-1660
RL@LiebowitzLawFirm.com
*Attorney for Plaintiff*

>*s/ Tanya Cohen*
>Tanya Cohen
>Manager of Litigation Operations