# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-02954-MEH

JULIE DERMANSKY,

    Plaintiff,

v.

UNIVERSITY OF COLORADO,

    Defendant.

---

## DEFENDANT'S OPPOSED MOTION TO STAY DISCOVERY

---

Defendant University of Colorado moves to stay discovery because it has filed a motion to dismiss the lawsuit based on sovereign immunity (ECF No. 16).

1. **Conferral.** Counsel for the University has conferred with counsel for Plaintiff, who opposes the relief sought by this motion.

2. The lawsuit asserts a single claim of copyright infringement. (ECF No. 1, at ¶¶ 12-18.)

3. The University has moved to dismiss the lawsuit based on sovereign immunity under the Eleventh Amendment. (ECF No. 16, at 2-6.)

4. "Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery." *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996).

5. "Courts in this district have routinely held that a well-supported claim of Eleventh Amendment immunity warrants a temporary stay of discovery until this threshold issue can be resolved." *Taylor v. Colo. Dep't of Health Care Policy & Financing*, 2012 WL 1657862, at *2 (D. Colo. May 11, 2012) (collecting cases).

6. Additionally, staying discovery is consistent with the *String Cheese* factors: (1) the potential prejudice to Plaintiff flowing from a delay of discovery; (2) the burden on Defendant to proceed with discovery; (3) the convenience of the Court; (4) the interests in nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

   a. There is not potential prejudice to Plaintiff because the University's motion to dismiss turns entirely on an issue of law – that is, whether Congress validly abrogated sovereign immunity by enacting the Copyright Remedy Clarification Act.  This involves examining the Act's legislative history and interpreting legal precedent examining that history – it doesn't have anything to do with the University's or Plaintiff's actions.  (ECF No. 16, at 2-6.)  As such, no discovery is necessary to determine applicability of immunity here.

   b. The burden on the University to proceed with discovery is heavy.  Plaintiff has propounded 42 requests for production of documents and 20 interrogatories, and has noticed a corporate representative deposition for January.  (**Ex. A**)  To prepare responses to the written discovery, as well

     as prepare a corporate representative for deposition, would be burdensome.

c. Relatedly, the convenience of the court would seem to weigh in favor of staying discovery as well.  While the parties would, of course, attempt to resolve any disputes over this extensive discovery between themselves, given the breadth of the discovery propounded so far, it is possible that a disputed issue could proceed to the Court for resolution through the dispute resolution protocol.

d. The University is unaware of any nonparty interests that would weigh against staying discovery.

e. The public interest weighs in favor of staying discovery because the University is an arm of the state, *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989), and "the public has an interest in ensuring that state entities and officials that may be immune from suit are not needlessly burdened with undue discovery."  *Taylor*, 2012 WL 1657862, at *4.

WHEREFORE, because the University has moved to dismiss Plaintiff's lawsuit based on sovereign immunity, the Court should stay discovery pending resolution of the motion to dismiss.

**DATED:**  December 20, 2019.

                                                     Respectfully submitted:

                                                   *s/ Erica Weston*
                                                 Erica Weston
                                                 Senior Associate University Counsel

University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO  80203
303-860-5691
Erica.Weston@cu.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF), which will automatically cause notification to be sent to the following counsel of record:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580-6111
Phone:  516-233-1660
RL@LiebowitzLawFirm.com
*Attorney for Plaintiff*

*s/ Tanya Cohen*
Tanya Cohen
Manager of Litigation Operations

4