EXHIBIT

A

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No: 1:19-cv-2954

JULLIE DERMANSKY,

       Plaintiff,

    - against -

**NOTICE OF DEPOSITION**

UNIVERSITY OF COLORADO,

       Defendant.

PLEASE TAKE NOTICE that, pursuant to Rule 26 and 30 of the Federal Rules of Civil Procedure, Julie Dermansky by her attorneys, Liebowitz Law Firm, PLLC will take the deposition upon oral examination of the Defendant through its Corporate Representative(s) on January 25, 2020 at 10am at a location TBD. The topics for the Corporate Representative(s) include the revenue of the company, the net-worth of the company, the number of page hits the article with the Photograph received, the number of linkbacks to the article and the advertising revenue from the article, where the Photograph was obtained from, the standards and practices of using copyrighted material, the profits from the use of the Photograph, and other uses of the Photograph by University of Colorado The deposition will be recorded by a stenographer.

You are invited to attend and cross-examine.

Date: December 13, 2019

                     LIEBOWITZ LAW FIRM, PLLC

                     By: /s/Richard Liebowitz
                          Richard Liebowitz
                          11 Sunrise Plaza, Suite 305
                          Valley Stream, New York 11580
                          Tele: 516-233-1660
                          RL@LiebowitzLawFirm.com
                         *Attorney for Plaintiff Julie Dermansky*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

---

JULIE DERMANSKY,

                     Plaintiff,

    - against -

UNIVERSITY OF COLORADO,

                  Defendant.

Case No. 1:19-cv-2954

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33.3 of the Local Civil Rules of the United States District Court ("Local Rules"), Julie Dermansky ("plaintiff" or "Dermansky") by and through her attorneys, hereby requests that University of Colorado ("defendant" or "University of Colorado") respond to the following interrogatories by serving written responses thereto at the offices of Liebowitz Law Firm PLLC, 11 Sunrise Plaza, Valley Stream, NY 11580, attn. Richard Liebowitz within thirty (30) days of the date hereof.

## DEFINITIONS

1.    The definitions and rules of construction provided by Local Civil Rule 26.3(c) and (d) are incorporated herein by reference, including the definitions of "communication,"

"document," "identify" (with respect to persons), "identify" (with respect to documents),

"plaintiff," "defendant," "person," and "concerning."

    2.    "Action" shall mean the above-captioned action.

    3.    The term "Complaint" means the pleading which initiated the Action.

    4.    The term "Photograph" means the photograph of the ongoing pipeline construction

work in the Atchafalaya Basin, as depicted in Exhibit A to the Complaint.

    5.    The term "Website" means the URL at

https://www.colorado.edu/center/cde/2018/11/12/thanksgiving-20-2018-continuously-inspired-standing-rockwhere the Photograph was displayed by defendant as of the time this lawsuit was filed.

*6.*    The term Article" means the article entitled *Thanksgiving 2.0 #2018: Continuously Inspired by Standing Rock.*

*7.*    The term "copyright management information" means gutter credit or authorship credit found at the bottom of a published photograph.

    8.    The term "social media" mean any and all social media platforms, Internet

services, Website or mobile application that provides, enables or facilitates communication

with, by or among its users or other persons, that is operated by or on behalf of defendant,

including but not limited to Twitter, Facebook, Google Plus, Instagram, Snapchat, Tumblr etc.

    10.    The term "records" shall mean all methods of arranging or storing papers,

documents or other recordings of data whether contained in folders, cabinets or other containers,

whether recorded on magnetic cards, tapes or discs, hard drives, clouds, or any other media,

which are or have been maintained by defendant or on defendant's behalf for preservation or

reference.

    11.    The term "including" means including but not limited to.

    12.    "You" and "your" shall refer to the plaintiffs in this action and their agents,

representatives, and anyone else acting on behalf of one or more of them.

13.     The term "state" means to provide the most complete answer available at the time
and to supplement that answer should further information because available later.

## INSTRUCTIONS

1.     In answering these interrogatories, defendant is required to furnish all information
that is available to it, including but not limited to information in the possession of its officers,
employees, agents, attorneys or investigators.

2.     Defendant must answer each interrogatory and each part thereof separately and
fully to the extent no objection is made.

3.     Should defendant be unable to answer any interrogatory in full, it should answer
the interrogatory to the fullest extent possible, specify the reasons for the inability to answer the
remainder, and state whatever information it has concerning the unanswered portion.

4.     Should defendant claim that any particular interrogatory is beyond the scope of
permissible discovery, it should specify in detail each and every ground on which such claim
rests.

5.     Should defendant find any interrogatory or any term used in an interrogatory to be
vague, ambiguous, subject to varying interpretations or unclear, defendant should identify the
matter deemed to be ambiguous, vague, subject to interpretation or unclear, state its
understanding of the disputed matter, and respond to the best of its ability in accordance with
that understanding.

6.     If defendant declines to respond or withholds any information to any
interrogatory hereinafter on the basis of any asserted privilege, defendant should offer a
statement signed by defendant's counsel attorney which sets forth as to each such
interrogatory or aspect or portion thereof the following:

i.     The nature of the privilege or other protection claimed (including work

3

product);

      ii.      The basis in fact for the privilege;

      iii.      The general subject matter of the information or communication over which defendant claims is privileged;

      iv.      The date of any communication over which a privilege is claimed;

      v.      The identity of all parties to any communication thereof;

      vi.      Whether such communication contains or relates to facts or opinions, or both.

Furthermore, defendant should answer each interrogatory and each part thereof not requesting privileged information.

7.      Defendant is warned that any objection to any interrogatory for which a basis has not been specifically stated within the time provided by the Federal Rules of Civil Procedure shall be waived.

8.      For the convenience of the Court and the parties, defendant should quote each interrogatory in full immediately preceding the response.

9.      These interrogatories seek information as of the date of defendant's response, but shall be deemed continuing so that any additional information relating to these interrogatories which defendant later acquires, discovers, or which becomes known to defendant, up to and including the time of trial, shall be provided reasonably promptly after such information is acquired, discovered or becomes known.

10.     With respect to each person identified in response to these interrogatories, furnish the name, address, telephone number, and job title along with job description.

## <u>TIME PERIOD TO WHICH THIS REQUEST PERTAINS</u>

Unless otherwise specifically stated, the answers sought are those concerning the following time period: January 1, 2017 to the date of these Interrogatories (the "Time Period").

## <u>INTERROGATORIES</u>

1.     Identify all Website domains where defendant published the Photograph.

2.     Identify any Website and URLs from where defendant obtained the Photograph.

3.     Identify all persons from whom defendant obtained the Photograph.

4.     Identify all persons who found, decided to use, and/or edited the Photograph.

5.     Identify all persons with knowledge or information concerning the posting, display and publication of the Photograph on the Website.

6.     Identify all of defendant's employees, independent contractors and/or agents who have knowledge or information relevant to Defendants' publication of the Photograph on the Website.

7.     Identify all of defendant's employees, independent contractors and/or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Website.

8.     Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Website.

9.     Identify all persons with knowledge or information about defendant's procedures, policies or practices for licensing photographic content.

10.    Identify all persons with knowledge or information about defendant's attempts to secure the rights to the Photograph prior to its publication on the Website.

11.    Identify the author(s) of the Website in which the Photograph appeared.
12.    Identify the editor(s) of the Website in which the Photograph appeared.

13.    Identify all persons with supervisory control over the editorial process concerning the Website.

14.    Identify the name of defendant's in-house counsel who oversees defendant's standards, practices or policies for licensing photographs.

15.    Identify the name of any employee who interacts with defendant's counsel in assessing whether defendant's use of the Photograph requires a license.

16.    For purposes of calculating damages, state the revenue and profits earned or received from the Website as a result of defendant's publication of the Website.

17.    For purposes of calculating damages, state the revenue and profits earned or received from the Website during the Time Period.

18.    For purposes of calculating damages, state the number of web hits or clicks generated by the Website.

19.    For purposes of calculating damages, state the overall number of visitors to the Website during the Time Period.

20.    Provide a general description of documents which you intend to use to show that defendant's use was non-infringing.

Dated: December 13, 2019
       Valley Stream, New York

LIEBOWITZ LAW FIRM, PLLC

/s/richardliebowitz/
Richard Liebowitz
11 Sunrise Plaza, Ste. 305 Valley Stream, NY 11580 (516) 233-1660
rl@liebowitzlawfirm.com

*Attorney for Plaintiff Julie Dermansky*


To :

Erica M. Weston
University of Colorado-Denver
Office of University Counsel
1800 Grant Street
Suite 700
Denver, CO 80203
303-860-5691
Fax: 303-860-5650
Email: erica.weston@cu.edu

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF
JULIE DERMANSKY'S FIRST SET OF INTERROGATORIES has been served via e-mail on
December 13, 2019 to counsel listed below.

Erica M. Weston
University of Colorado-Denver
Office of University Counsel
1800 Grant Street
Suite 700
Denver, CO 80203
303-860-5691
Fax: 303-860-5650
Email: erica.weston@cu.edu

*Attorney for Defendant*

By: /richardliebowitz/
    Richard Liebowitz.
    Liebowitz Law Firm PLLC
    rl@liebowitzlawfirm.com

**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

JULIE DERMANSKY,

Plaintiff,

- against -

UNIVERSITY OF COLORADO,

Defendant.

Case No. 1:19-cv-2954

**PLAINTIFF JULIE DERMANSKY'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Civil

Rules of the United States District Court ("Local Rules"), Julie Dermansky ("plaintiff" or

"Dermansky"), by and through her attorneys, hereby requests that Defendant University of

Colorado. ("defendant" or "University of Colorado") produce all documents specified in the

requests below at the offices of Liebowitz Law Firm PLLC, 11 Sunrise Plaza, Valley Stream, NY

11580, attn. Richard Liebowitz, Esq., within thirty (30) days of the date hereof.

**DEFINITIONS**

1.      The definitions set forth in Rule 34 of the Federal Rules of Civil Procedure are

hereby incorporated by reference, including the definitions of "communication," "document,"

"identify" (with respect to persons), "identify" (with respect to documents), "defendant,"

"person," and "concerning."

2.      "Action" shall mean the above-captioned action.

3.      The term "Complaint" means the pleading which initiated the Action.

4.      The term "Photograph" means the photograph of the ongoing pipeline construction work in the

Atchafalaya Basin, as depicted in Exhibit A to the Complaint.

5.    The term "Website" means the URL at https://www.colorado.edu/center/cde/2018/11/12/thanksgiving-20-2018-continuously-inspired-standing-rock where the Photograph was displayed by defendant as of the time this lawsuit was filed.

6.    The term Article" means the article entitled *Thanksgiving 2.0 #2018: Continuously Inspired by Standing Rock.*

7.    The words "copyright management information" means gutter credit or authorship credit found at the bottom of a published photograph.

8.    The term "produce" means to make available the documents requested herein for inspection and copying and to separate such documents into categories set forth in this request.

9.    The term "records" shall mean all methods of arranging or storing papers, documents or other recordings of data whether contained in folders, cabinets or other containers, whether recorded on magnetic cards, tapes or discs, hard drives, clouds, or any other media, which are or have been maintained by defendant or on defendant's behalf for preservation or reference.

10.    The term "including" means including but not limited to.

11.    "You" and "your" shall refer to the plaintiffs in this action and their agents, representatives, and anyone else acting on behalf of one or more of them.

## <u>INSTRUCTIONS</u>

1.    All documents shall be produced in accordance with Federal Rules of Civil Procedure 26 and 34 and Local Civil Rule 26.1 *et seq.*

2.    This request includes all documents kept in electronic form, including, but not limited to, electronic mail files, files stored on a computer hard drive or server, and documents kept on removable media (e.g., CD-ROM, DVD, or USB thumb drive).

2

3.      The fact that a document has been or may be produced by any other person does not relieve you from your obligation to produce the document even if the two documents are identical in all respects.

4.      The terms of this request shall be interpreted in accordance with the rules of construction set forth in Local Rule 26.3(c) so that (i) the terms "all," "any," and "each" shall be construed as any and all; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and (iii) the use of the singular form of a word includes the plural and vice versa.

5.      The term "including" shall not be construed to limit the scope of any document request.

6.      In responding to this request, furnish all information that is available to you or subject to your control, including information in the possession or control of your attorneys, accountants, advisors, agents, representatives, or other persons or entities directly or indirectly employed by, or connected with, you or your agents or representatives. All documents that are responsive, in whole or part, to any portion of the requests herein shall be produced in their entirety, including all drafts, attachments, and disclosures.

7.      Responsive documents and correspondence shall be produced as kept by defendant in the ordinary course of business and shall be legible and bound or stapled in the same manner as the original. If there are no documents or things responsive to a particular request, state so in writing.

8.      Each request herein for a document or documents to be produced contemplates production of responsive documents in their entirety without abbreviation or expurgation, along with all attachments, appendices, enclosures, and exhibits. Where any copy of any document

whose production is sought, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

9.      If a responsive document has been lost or destroyed: state its author, preparer, or originator; recipient(s); date; subject matter; and all persons to whom copies were directed, furnished, or addressed; describe the contents of the document; the last known location(s) of such document and any additional copies thereof; and the date or approximate time of the loss or destruction, the reason therefor, and the person or persons responsible therefor.

10.      If any document cannot be produced in full, produce it to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

11.      If and to the extent any request is objected to, state with specificity all grounds for the objection. Any ground not stated within the time prescribed by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

12.      If you claim that any particular request is beyond the scope of permissible discovery, specify in detail each and every ground for that claim.

13.      If a claim of privilege is asserted in objecting to any request or sub-part thereof, and documents are withheld on the basis of such assertion, furnish a list providing the information required by Local Rule 26.2.

14.      Pursuant to Federal Rule of Civil Procedure 26(e), this document request is to be regarded as continuing. Defendant is under an obligation to supplement its responses to include any additional information thereafter acquired if the additional information indicates that a prior response was either incorrect when made or is no longer accurate or complete.

4

15.     Unless otherwise stated, the documents requested are those referring to, in effect during, or created during, the period from January 1, 2017 to the date of these requests (the "Time Period").

16.     Plaintiff reserves the right to serve supplemental or additional requests for the production of documents.

## DOCUMENT REQUESTS

Produce the following:

1.     All records, documents and communications concerning defendant's discovery of the Photograph, including all communications to, from and between person or persons who first came across the Photograph.

2.     All records, documents and communications concerning defendant's decision to use the Photograph, including all communications to, from and between any person or persons who participated in the decision-making process to use the Photograph.

3.     All records, documents and communications concerning defendant's process of editing the Photograph, including all communications to, from and between any person or persons who participated in the editorial process.

4.     All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by defendant to upload the Photograph to the Website.

5.     All records, documents and communications concerning defendant's content management system, data entry forms or data entry templates, whether in digital format or hard copy, used by Defendant to edit the Photograph before displaying it on the Website.

6.     All records, documents and communications concerning defendant's efforts to identify the name of copyright holder, copyright owner and/or copyright author of the

Photograph.

7.    All records, documents and communications concerning defendant's efforts to identify the name the photographer of the Photograph.

8.    All records, documents and communications concerning defendant's efforts to contact the photographer of the Photograph prior to defendant's publication of the Photograph.

9.    All records, documents and communications concerning defendant's efforts to license the Photograph.

10.    All records, documents and communications between defendant's counsel and any editor or journalist concerning publication of the Photograph prior to the Photograph's publication in the Website.

11.    All records, documents and communications concerning defendant's internal policy, Standards & Practices, or other guidance for obtaining permission, consent or license to any copyrightable material and which were in effect at the time the Photograph were published to the Website.

12.    All records, documents and communications concerning advertising revenue generated by the Website in connection with defendant's publication of the Website.

13.    All records, documents and communications concerning the subject matter of the Photograph.

14.    All records, documents and communications concerning the editor who posted or published the Website.

15.    All records, documents and communications concerning the Photograph.

16.    All records, documents and communications concerning defendant's net profits for the year ending 2018.

17.    All records and documents concerning the number of defendant's employees.

18.    All records and documents concerning the location of each defendant's office, both domestically and internationally.

19.    All records, documents and communications concerning the "likes," "shares," "reposts," "tweets," and "comments" posted to the Website after defendant's publication of the Photograph.

20.    All records, documents and communications concerning the number of visitors who have clicked on the Website since the first date of the Website's publication.

21.    All records, documents and communications between defendant and plaintiff prior to the filing of the Action.

22.    All copies of complaints in any copyright-related action filed against defendant in the last three years.

23.    All records, documents and communications that support defendant's position that it did not commit copyright infringement of the Photograph.

24.    All records, documents and communications which may be used to prove the elements of any affirmative defense asserted by defendant in its answer to the Complaint.

25.    All records, documents and communications concerning any advertising or other actions done to increase traffic to the Website.

26.    All records, documents and communications that you intend to introduce as exhibits or otherwise use in support of your position, or in opposition to any position taken by plaintiff, on any motion or at any hearing or trial in this action.

27.    All records, documents and communications to which you refer in your Initial Disclosures.

28.    All records, documents and communications referred to in your interrogatories to

plaintiff.

29.    All records, documents, statements, invoices and contracts which show that defendant has licensed photographs for use on the Website.

30.    All records, documents, statements, invoices and contracts which show that defendant has licensed photographs for use on any Website owned and operated by defendant.

31.    All records, documents, statements, invoices and contracts concerning defendant's licensing of photographs via third-party stock photography agencies for use on the Website.

32.    All records, documents, statements, agreement, invoices and contracts concerning defendant's licensing of photographs from third-party freelance photographers for use on the Website.

33.    All records, documents, statements, agreement, invoices and contracts concerning defendant's licensing of photographs from staff photographers for use on the Website.

34.    All settlement agreements that defendant has entered into concerning claims of copyright infringement.

35.    All contracts, job application materials, intern application materials, job performance evaluations and agreements between defendant and the individual who posted the Photograph to the Website.

36.    Docket sheets concerning copyright infringement claims brought against defendant.

37.    All employee manuals, employment handbooks, training manuals, training guidelines, office circulars, intraoffice memoranda, e-mails, pamphlets, power point

presentations, Excel spreadsheets, announcements, meeting notes or any other written materials

relating to defendant's use of copyrighted materials that were distributed to any journalist or

supervising editor, whether an employee or independent contractor, with knowledge of

publishing the Website.

38.    All employee manuals, employment handbooks, training manuals, training

guidelines, office circulars, intraoffice memoranda, e-mails, pamphlets, power point

presentations, Excel spreadsheets, announcements, meeting notes or any other written materials

relating to defendant's use of photographs that were distributed to any journalist or supervising

editor, whether an employee or independent contractor, with knowledge of publishing the

Website.

39.    The resumes and *curricula vitae* (CVs) of all persons identified in defendant's

discovery responses or initial disclosures.

40.    All copyright registration certificates listing defendant as the copyright owner,

copyright claimant or copyright author of any copyrightable materials over the last five years.

41.    All copyright registration certificates listing defendant as the copyright owner,

copyright claimant or copyright author of any photographs over the last five years.

42.    Job or intern postings that defendant uses to recruit interns, employees, or

independent contractors who post photographs to the Website.

Dated:  December 13, 2019
        Valley Stream, New York

                                        LIEBOWITZ LAW FIRM, PLLC

                                        **/s/richardliebowitz/**
                                        Richard Liebowitz
                                        11  Sunrise  Plaza,  Ste.  305
                                        Valley  Stream,  NY  11580
                                        (516) 233-1660
                                        rl@liebowitzlawfirm.com

*Attorney for Plaintiff Julie Dermansky*

*TO:*

Erica M. Weston
University of Colorado-Denver
Office of University Counsel
1800 Grant Street
Suite 700
Denver, CO 80203
303-860-5691
Fax: 303-860-5650
Email: erica.weston@cu.edu

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF JULIE DERMANSKY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS has been served via e-mail on December 13, 2019 to counsel listed below.

Erica M. Weston
University of Colorado-Denver
Office of University Counsel
1800 Grant Street
Suite 700
Denver, CO 80203
303-860-5691
Fax: 303-860-5650
Email: erica.weston@cu.edu

*Attorney for Defendant*

By: /richardpliebowitz/
    Richard P. Liebowitz, Esq.
    Liebowitz Law Firm PLLC
    rl@liebowitzlawfirm.com