UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JULIE DERMANSKY,<br><br>                    Plaintiff,<br><br>    - against –<br><br>UNIVERSITY OF COLORADO<br><br><br>                    Defendant. | 1:19-cv-02954 (MEH)<br><br>ECF Case |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) AND TO STAY DISCOVERY**

1

## **PRELIMINARY STATEMENT**

Defendant University of Colorado ("Defendant") moves to dismiss Plaintiff Julie Dermansky's copyright infringement complaint on grounds that Defendant is entitled to steal intellectual property under the doctrine of sovereign immunity.

But Congress amended the Copyright Act explicitly to abrogate the states' sovereign immunity in copyright actions. Sections 511 and 911 of the Copyright Act abrogate the states' sovereign immunity in the clearest language:

> Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person.... including any governmental or nongovernmental entity, for a violation of any of the exclusive rights of a copyright owner provided by sections 106 through 122, for importing copies of phonorecords in violation of section 602, or for any other violation under this title.

17 U.S.C. §§ 511(a); 911(g)(1).[1]

The Copyright Acts, and its sovereign immunity provisions, were enacted by Congress pursuant to an enumerated Article I power. Article I of the U.S. Constitution gives Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. CONST. art. I, § 8, cl. 8.

Defendant asks the Court to simply disregard Section 511(a) of the Copyright Act and pretend that it does not exist. The Court should properly enforce the Congressional language as written.

Moreover, Plaintiff avers that whether or not Defendant should be considered an "arm of the State" is a question of fact to be decided by the jury, particularly given that University of

---

[1] Section 511 governs the Act as a whole, while § 911 was enacted as part of a separate chapter of the Copyright Act, Chapter Nine, dealing with semiconductor chip products.

Colorado actively solicits *hundreds of millions of dollars* in private donations each year. It is plausible that some of this private funding goes towards operating university websites engaged in infringing activity. It strains credulity to argue that University of Colorado should be accorded the same level of immunity as a government agency which does not solicit *substantial* private funding. What percentage of funding is received by University of Colorado from private vs. public sources, and how such funding is allocated in furtherance of Defendant's infringing conduct, creates material questions of fact that should not be adjudicated on the face of the pleadings. Accordingly, Defendant's motion should be denied until such time as further discovery is conducted.

## **STATEMENT OF FACTS**

Dermansky is a professional photographer in the business of licensing his photographs to online and print media for a fee [Amended Complaint, Dkt. # 18 ("Am. Compl."), ¶ 5] Defendant is a public university which solicits private donations in the millions of dollars and which owns and operates the website www.colorado.edu [Am. Compl. ¶ 7-8]

Dermansky photographed ongoing pipeline construction work in the Atchafalaya Basin (the "Photograph"). [Am. Compl. ¶ 10, Ex. A] Dermansky is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto. [Am. Compl. ¶ 11] The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-130-242. [Am. Compl. ¶ 12]

Defendant ran an article on its Website which featured the Photograph. [Am. Compl. ¶ 13, Ex. B] Defendant did not license the Photograph from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website. [Am.

3

Compl. ¶ 14]

## LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller,* 442 F.2d 674, 677 (10th Cir.1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974).

In considering a motion to dismiss under Rule 12(b)(1), district courts have wide discretion to consider evidence outside the pleadings. *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir.1995). Such consideration does not ordinarily convert the motion to a summary judgment motion under Fed.R.Civ.P. 56. *Id.*

## ARGUMENT

**POINT I:    CONGRESS EXPRESSLY ABROGATED SOVEREIGN IMMUNITY FOR COPYRIGHT INGRINGERS**

By way of the Copyright Remedy Clarification Action of 1990, 17 U.S.C. § 511(a) (1994) ("CRCA"), validly abrogated the States' sovereign immunity from suit in copyright matters. Congress amended the Copyright Act explicitly to abrogate the states' sovereign immunity in copyright actions. Sections 511 and 911 of the Copyright Act abrogate the states' sovereign immunity in the clearest language:

> Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other

4

>doctrine of sovereign immunity, from suit in Federal court by any person.... including any governmental or nongovernmental entity, for a violation of any of the exclusive rights of a copyright owner provided by sections 106 through 122, for importing copies of phonorecords in violation of section 602, or for any other violation under this title.

17 U.S.C. §§ 511(a); 911(g)(1).[2]

The Copyright Act, and its sovereign immunity provisions, were enacted by Congress pursuant to an enumerated Article I power. Article I of the U.S. Constitution gives Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. CONST. art. I, § 8, cl. 8.

Defendant asks the Court to simply disregard Section 511(a) of the Copyright Act and pretend that it does not exist. The Court should properly enforce the Congressional language as written. Congress may, "in certain cases, ... abrogate the States' sovereign immunity." *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990). Abrogation is permissible when two conditions are satisfied: (1) Congress "unequivocally expresse[s] its intent to abrogate the immunity"; and (2) "Congress [acts] pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (internal quotations omitted).

With respect to the first prong, statutory liability as to state entities stems from CRCA, which expressly attempts to abrogate state sovereign immunity, thereby satisfying the first prong of the *Seminole Tribe* abrogation test. *Seminole Tribe*, 517 U.S. at 55, 116 S.Ct. 1114.

With respect to the second prong, Defendant argues that the Supreme Court has held that Congress cannot act pursuant to any of its Article I powers to expand the scope of the federal

---

[2] Section 511 governs the Act as a whole, while § 911 was enacted as part of a separate chapter of the Copyright Act, Chapter Nine, dealing with semiconductor chip products.

courts' Article III jurisdiction. *Id.* at 72–73, 116 S.Ct. 1114 ("The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction"). Defendant avers that insofar as a federal statute enacted pursuant to Article I purports to abrogate the States' sovereign immunity, it is void.

As a preliminary matter, the Supreme Court has never found that the CRCA in particular was not enacted pursuant to valid authority. For that reason alone, Defendant's motion should be denied on grounds that the CRCA statute should be enforced by the Court as written.

Regardless, the Supreme Court affirmed in *Seminole Tribe* that the Fourteenth Amendment's Enforcement Clause (Section 5) provides a legitimate basis for abrogation. *Id.* at 59, 65–66, 116 S.Ct. 1114 (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)); U.S. CONST. amend. XIV, § 5 ("The Congress shall have power to enforce, by appropriate legislation, the provisions of this article."). That is because "the Fourteenth Amendment, adopted well after the adoption of the Eleventh Amendment and the ratification of the Constitution, operated to alter the pre-existing balance between state and federal power achieved by Article III and the Eleventh Amendment." *Id.* at 65–66, 116 S.Ct. 1114.

The Eleventh Circuit has already found that, in light of CRCA's legislative history, "Congress intended to abrogate state sovereign immunity under its Article I power." *Nat'l Ass'n of Boards of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1313 (11th Cir. 2011) (hereinafter "*NABP*"). However, the language of *NABP* "appeared to leave the door open for an embrace of Section 5 of the Fourteenth Amendment as a source of abrogation, given the right factual allegations." *Nettleman v. Fla. Atl. Univ. Bd. of Trustees*, 228 F. Supp. 3d 1303, 1309 (S.D. Fla. 2017) (citing *id.* at 1316–19 (restricting holding to circumstances pled in complaint. "The upshot is that, with the Article I route foreclosed, the key to unlock

abrogation—and consequently, Dermansky's statutory copyright claims—is the Fourteenth Amendment." *Id.*

Here, Dermansky alleges that she is the author of the Photograph and has at all times been the sole *owner* of all right, title and interest in and to the Photograph, including the copyright thereto. [Am Compl. 11].   In *NABP*, the Eleventh Circuit conceded that "a copyright is a property interest protected under the Due Process Clause." *NABP*, 633 F.3d at 1317.  Under that logic, Defendant's infringing activity does implicate Dermansky's Fourteenth Amendment rights as Defendant has deprived her of the opportunity to receive proper compensation for the fruit of her labor.  Accordingly, the Court should determine that the CRCA applies to Defendant's infringing activity in this particular case.

**POINT II:   THE QUESTION OF WHETHER UNIVERSITY OF COLORADO IS A QUALIFIYING INSTRUMENTALITY OF THE STATE PRESENTS A QUESTION OF FACT IN LIGHT OF ITS RECENT PRIVATE FUNDING**

To establish sovereign immunity, Defendant relies on a pair of Tenth Circuit cases that were decided more than twenty years ago which recognized that "the University of Colorado is plainly an arm of the State" and that "[t]he immunity of the University as an arm of the State of Colorado is without question." *Henderson v. Univ. of Colo.*, 139 F.3d 912, 912 (10th Cir. 1998) (unpublished); *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989).  However, Plaintiff respectfully avers that Defendant's status an "arm of the State" should be re-analyzed in the 21st century in light of University of Colorado's substantial fundraising activities in the private sector, which amount to <u>hundreds of millions</u> of dollar per year.

To determine whether University of Colorado is entitled to immunity under the Eleventh Amendment, the Supreme Court identified seven factors. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).  The most

7

determinative factor is "financial autonomy." *University of Rhode Island v. Chesterton,* 2 F.3d 1200 (1st Cir.1993). "[E]ach state university is evaluated in light of its unique characteristics. *Id.* at 1204.

Here, at the pleading stage, it is impossible to determine what percentage of funding University of Colorado receives from the State versus what it receives from private donations. Defendant received $440 million in private donations for the 2017 fiscal year. [Am Compl. 8, Ex. A]. This is not a case where private funding is negligible. *See Dogson v. Univ. of Puerto Rico*, 26 F. Supp. 2d 341, 344 (D.P.R. 1998) (finding that University of Puerto Rico was entitled to sovereign immunity where it received 86% of their funding from taxpayers). Until such time as discovery has been conducted, the Court should defer its ruling on whether University of Colorado continues to qualify as an arm of the State.

Moreover, as a matter of public policy, it is plainly unjust to accord Defendant blanket immunity from infringing activity when it is actively engaged in soliciting *hundreds of millions* of dollars in private donations per annum which may go toward furthering such illegal activity. [Am Compl. ¶ 8, Ex. A] Plaintiff avers that a jury should decide what role, if any, Defendant's private fundraising plays in maintaining or facilitating its infringing conduct.

**POINT III:   THE COURT SHOULD DENY DEFENDANT'S MOTION TO STAY DISCOVERY**

In light of the arguments made in Point II above, the Court should decline to stay discovery as an exchange of information is required to render a full and fair decision in this matter.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) should be DENIED, as should Defendant's request to stay discovery.

        Respectfully Submitted,

        LIEBOWITZ LAW FIRM PLLC

        by: **s/richardpliebowitz/**
        11 Sunrise Plaza, Suite 305
        Valley Stream, NY 11580
        (516) 233-1660
        rl@liebowtizlawfirm.com

        *Counsel for Plaintiff*