**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-CV-02954-MEH

JULIE DERMANSKY,

    Plaintiff,

v.

UNIVERSITY OF COLORADO,

    Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO STAY DISCOVERY**

---

    Defendant University of Colorado replies in support of its Opposed Motion to Stay Discovery (ECF #23):[1]

    It remains appropriate to stay discovery while the University's motion to dismiss asserting sovereign immunity is pending. (ECF #22.) *See Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming district court's stay of discovery because it "properly decided the threshold question of immunity prior to permitting discovery"). As explained in the University's reply supporting its motion to dismiss, federal and state courts have consistently recognized over the years that the University is a state entity entitled to

---

[1] Plaintiff submitted one response brief to the University's two separate motions. (ECF #24.) The University replies here to "Point III," relevant to the motion to stay, and has replied to "Point I" and "Point II" in a separately filed reply in support of the motion to dismiss.

Eleventh Amendment immunity. (ECF #25, at 2.) *E.g., Harrison v. Univ. Of Colorado Health Scis. Ctr.*, 337 F. App'x 750, 753 (10th Cir. 2009); *Murray v. Colorado*, 149 F. App'x 772, 774 (10th Cir. 2005); *Henderson v. Univ. of Colo.*, 139 F.3d 912, 912 (10th Cir. 1998) (unpublished); *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989) *Hartman v. Regents of Univ. of Colo.*, 22 P.3d 524, 527–28 (Colo. App. 2000), *aff'd sub nom. Middleton v. Hartman*, 45 P.3d 721 (Colo. 2002). No discovery is required to decide this well-settled issue of law.

Yet Plaintiff insists she needs discovery on "what percentage of funding University of Colorado receives from the State versus what it receives from private donations," to address whether the University "continues to qualify as an arm of the State." (Resp. at 8.) To the extent the Court is inclined to reconsider the issue, discovery would still not be necessary.

Arm of the state analysis considers whether an entity is "more like a county or city than ... like an arm of the state," specifically considering the "state laws characterizing the entity." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). In so doing, the Tenth Circuit "examines the degree of autonomy given to the agency …[and] the extent of financing the agency receives independent of the state treasury." *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574–75 (10th Cir. 1996).

This two-prong inquiry does not require discovery because both issues are matters of law. As to the first prong, the court considers autonomy in light of the governing law – here, the State of Colorado establishes and demonstrates its control

over the University through the state constitution and statutes. *See, e.g.*, Colo. Const. art. VIII, § 5(1) (declaring the University "subject to the control of the state"); § 23-20-101 C.R.S. (2019), et. seq., (governing the University and its operations); *Hartman,* 22 P.3d at 527 (concluding that "representation by the Colorado Attorney General" and being subject to the Colorado Commission on Higher Education and the State Personnel System, among other factors, weighed in favor of the University as a state entity).

As to the second prong, again, laws establish both that the University is required to, and does, receive state funding. *See, e.g.,* § 23-1-104, C.R.S. (2018) (requiring the General Assembly to make annual appropriations to the University); HB-1322 (the "Long Appropriation Act" for the 18-19 fiscal year, which makes the appropriation to the University as required by § 23-1-104, C.R.S.). And where the Tenth Circuit has concluded that even receiving "somewhere between 3.5 and 5%" of funding from the state is sufficient, *Watson*, 75 F.3d at 576, conducting in-depth fact discovery on the exact breakdown of the University's funding sources is not necessary. *See also Hartman*, 22 P.3d at 528 (recognizing that the University of Colorado is entitled to immunity even though "the possibility that the state treasury will actually pay for any judgment in this case is remote, [because] the ultimate potential for state liability exists").

WHEREFORE, because the University has moved to dismiss Plaintiff's lawsuit based on sovereign immunity, the Court should stay discovery pending resolution of the motion to dismiss.

**DATED:**  February 17, 2020.

Respectfully submitted:

*s/ Erica Weston*
Erica Weston
Senior Associate University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO  80203
303-860-5691
Erica.Weston@cu.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2020, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF), which will automatically cause notification to be sent to the following counsel of record:

Richard P. Liebowitz
Liebowitz Law Firm
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com
*Attorney for Plaintiff*

*s/ Linda Ruth Carter*
Linda Ruth Carter, Paralegal
